**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**HUSSEIN ALASOUM**                                                                                          **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 3:26-CV-00092-JHM**

**HARDIN COUNTY JAIL,** *et al.*                                                                 **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Hussein Alasoum filed the instant *pro se* 42 U.S.C. § 1983 prisoner action proceeding *in forma pauperis*. This matter is currently before the Court on initial review of Plaintiff's complaint and amended complaint pursuant to 28 U.S.C. § 1915A. (DNs 1, 13). For the reasons stated below, the Court will dismiss the action without prejudice and with leave to file an amended complaint.

**I.  SUMMARY OF COMPLAINT**

Plaintiff identifies as a convicted inmate housed at the Hardin County Detention Center (HCDC) at the time relevant to instant complaints. He names as Defendants the "Hardin County Jail (HCDC)," "HCDC Medical Staff," and "Josh Lobbolm," Jailer at HCDC. (DNs 1, 13). He does not identify the capacity in which he sues Defendant Lobbolm. (DN 13).

Plaintiff alleges that in February 2025, while incarcerated at HCDC, he fell from his top bunk while sleeping and broke his jaw. The next day, Plaintiff informed jail and medical staff, who ordered an x-ray which confirmed that his jaw had been broken. Plaintiff further alleges that he then did not receive medical attention for 35 days, during which time his jaw became infected and he was provided only Tylenol at the jail. After 35 days Plaintiff was taken to "U of L Hospital" where the doctor told him "they took too long to bring you and your jaw healed the wrong way," and that it was "dangerously infected." (DN 1, PageID.4). He asserts that physicians at U of L

Hospital had to "cut my face open rebreak my jaw and put a metal plate in my face." (*Id*.).  Plaintiff claims that, if HCDC staff had sent him to the hospital sooner "all of that would not have been required [—] just wired my jaw but because they took (35) days I have to go thru surgery now." (*Id*.).  He states that "after the surgery they took me back to (HCDC) where they refuse to give me my medication that the doctor [prescribed] for me and my jaw got infected again and my jaw was still crooked."  (*Id*.).  Plaintiff alleges that he "put request after request and grievance after grievance [—] all of that is documented at the jail."  (*Id*., PageID.5).

Plaintiff alleges that his jaw never healed correctly, that he still has "problems eating, talking, smiling, even closing my mouth," and that the surgery "caused permanent nerve damage" and a four-inch scar on his face "because of the negligence of Hardin County Jail and medical staff there."  (*Id*.).  He states that Defendants' failure to provide medical attention to his infected jaw violated his Eighth Amendment right to be free from cruel and unusual punishment.

As relief, Plaintiff seeks monetary and punitive damages, and a "personal apology from (HCDC)."

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

2

meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III.  ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A.  Claim against HCDC, HCDC Medical Staff, and Official Capacity Claim

Defendant HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit

3

under § 1983). In this situation, Hardin County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Moreover, Plaintiff does not identify in what capacity he sues Defendant Lobbolm, therefore the Court presumes that he is named in his official capacity. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). And an official capacity claim against Defendant Lobbolm would be brought against his employer, Hardin County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (official capacity suits generally represent only another way of pleading an action against the entity of which the officer is an agent).

In this regard, Hardin County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *See Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To allege county or municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The county's policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

The complaints do not assert that any of the alleged actions occurred because of a policy or custom implemented or endorsed by Hardin County. Therefore, Plaintiff's Eighth Amendment claim against Defendant HCDC and the official capacity claim against Defendant Lobbolm must be dismissed for failure to state a claim upon which relief may be granted.

4

Plaintiff also names "HCDC Medical Staff" as a Defendant in its official capacity but does not identify the entity responsible for providing medical services to inmates confined at the HCDC. If "HCDC Medical Staff" is a private company contracted to provide health care at the HCDC, then its liability must be based on a policy or custom of that entity under § 1983. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (observing that the standards for § 1983 municipal liability extend to private corporations as well); *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (liability of contracted medical entity "must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights"). Plaintiff does not identify a policy, custom, or practice of the medical services provider that was the moving force behind the alleged deprivation of Plaintiff's rights. *Monell*, 436 U.S. at 691. As such, the Eighth Amendment claim against HCDC Medical Staff must be dismissed for failure to state a claim upon which relief can be granted.

Alternatively, if "HCDC Medical Staff," is a department within the HCDC, then it is not a separate entity capable of being sued. *See, e.g.*, *Payne v. Hamilton Cnty. Jail Sheriff's Staff*, No. 1:16-CV-426-JRG-SKL, 2016 WL 6585579, at *2 (E.D. Tenn. Nov. 7, 2016) (defendant "Hamilton County Jail Medical Staff" was a "subdivision[ ] of the sheriff's department" and thus not a legal entity subject to suit under § 1983; collecting cases). As indicated above, Hardin County would be the proper defendant in this instance, and Plaintiff's Eighth Amendment claim would be subject to dismissal because there are no factual allegations of a custom or policy of Hardin County that caused the purported constitutional injury.

## B. Relief Requested

Finally, Plaintiff's request for injunctive relief in the form of a "personal apology" from HCDC fails to state a claim and must be dismissed. *See Woodruff v. Ohman*, 29 F. App'x 337,

5

346 (6th Cir. 2002) (observing that the district court abused its discretion in ordering defendant to issue an apology to plaintiff); *Bell v. City of Hopkinsville, Ky*, No. 5:24CV-P79-CRS, 2024 WL 4093432, at *4 (W.D. Ky. Sept. 5, 2024) (injunctive relief requested in form of apology failed to state a claim); *Burkes v. Tranquilli*, No. CIV.A. 08-474, 2008 WL 2682606, at *4 (W.D. Pa. July 2, 2008) ("To the extent that Plaintiff's requested relief regarding an apology can be construed as a request for injunctive relief against the Defendants, such a claim for injunctive relief fails to state a claim as a matter of law.").

### C. Amendment

Although the Court is dismissing this action for the above-stated reasons, the dismissal will be without prejudice and with leave to Plaintiff to file an amended complaint. Should Plaintiff wish to amend his complaint, he must submit a completed § 1983 complaint form identifying the specific HCDC officers or medical personnel whom he alleges violated his Eighth Amendment rights, naming them as Defendants in their individual capacities, and stating specifically how each allegedly violated his constitutional rights and what actions they took. *See Rashada v. Fiegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

### IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action without prejudice and with leave to file an amended complaint.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, should Plaintiff choose to amend the complaint. **Any amended complaint must be filed on or before <u>August 24, 2026</u>**.

Date:    July 23, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.015